STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
HUBERT JOHNSON, DEFENDANT–APPELLANT.

Argued May 9, 1989—Decided July 25, 1989.

*Peter M. Jacques,* Assistant Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum* Public Defender, attorney).

*Virginia M. Lincoln,* Assistant Prosecutor, argued the cause for respondent (*Herbert H. Tate, Jr.,* Essex County Prosecutor, attorney).

PER CURIAM.

The only issue in this appeal is whether the trial court's findings are sufficient to permit appellate review of its determination that the State has failed to meet its burden of proving beyond a reasonable doubt that defendant's confession was voluntary. The Appellate Division, which had previously rejected as inadequate the trial court's fact-findings, 218 *N.J.Super.* 290 (1987), concluded in its most recent unpublished opinion that "the judge's amended or supplemental findings suffer[ed] from the same inadequacies that were present in his original findings." *State v. Johnson,* No. A–14–86T5, slip op. at 3 (App.Div. Sept. 6, 1988). By a divided court, Judge D'Annunzio dissenting, the Appellate Division reversed the order suppressing defendant's confession and remanded the matter to a new trial judge for further proceedings consistent with its original opinion. *Id.* at 4.

We granted defendant's motion for leave to appeal, 114 *N.J.* 515 (1989). Agreeing with the Appellate Division's determination that more specific findings of fact were necessary, we remanded the case to the same trial judge for supplemental findings, and retained jurisdiction of the matter.

The trial court's supplemental findings are now before us. The trial court has determined that defendant's confession was involuntary, and has found specifically that the confession was coerced by threats of physical violence and actual physical abuse after defendant was removed from his cell by two Newark police officers on December 25, 1984. We are satisfied that the record, supplemented by the trial court's additional findings, is now adequate for appellate review. We now reverse the judgment of the Appellate Division and reinstate the order of the trial court suppressing defendant's confession.

The issues in this appeal are substantially factual, and no purpose would be served by our repetition of the underlying facts that are set forth in detail in the Appellate Division's initial opinion. 218 *N.J.Super.* 290 (1987). One legal issue

warrants clarification. Although there appears to be some difference between the majority and dissenting opinions below concerning the burden of production of evidence in a hearing designed to test the voluntariness of a confession, we are satisfied that the Appellate Division majority intended no alteration of our substantive law. *See State v. Yough*, 49 *N.J.* 587, 600–01 (1967); *cf. State v. Hartley*, 103 *N.J.* 252, 286 (1986) ("The voluntariness of confessions has consistently been tested in this state under common-law principles, albeit principles often expanded or altered in response to federal constitutional decisions."). In its first decision reversing the suppression of defendant's confession, the Appellate Division observed that a defendant challenging the voluntariness of a confession has the burden of producing "some credible evidence that the police engaged in specific conduct that rendered the statement involuntary." 218 *N.J.Super.* at 303. The dissenting judge described the majority's holding as a "shift [of] the burden of proof to the defendant." *Id.* at 311 (D'Annunzio, J.A.D., dissenting). The majority disclaimed any intention to "saddle the defendant with the burden of proving that his confession was involuntary \* \* \*." *Id.* at 303.

Our cases have established that the State bears the burden of proving beyond a reasonable doubt that the defendant's confession is voluntary. It is apparent that if the State produces evidence tending to show that a confession is voluntary, no issue of involuntariness ordinarily will be presented to the trial court unless the defendant produces some credible evidence tending to show involuntariness. We view the Appellate Division's observations about a defendant's burden of producing evidence as no more than a pragmatic recognition that a defendant in a *Miranda* hearing is the most likely source of proof that a confession was involuntary. The Appellate Division's statement constitutes no modification of the State's ultimate burden of proof on this issue.

On the basis of our careful review of this record, supplemented by the trial court's additional fact-findings pursuant to our

order of remand, we are fully satisfied that the trial court's finding that defendant's confession was involuntarily coerced is supported by substantial credible evidence. We are further satisfied that such evidence is sufficient to engender a reasonable doubt that the confession was voluntarily given. Accordingly, we reverse the judgment of the Appellate Division and reinstate the order of the Law Division suppressing defendant's confession. The matter is remanded to the Law Division for further proceedings consistent with this opinion.

*For reversal and remandment*—Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*For affirmance*—None.